DENNIS MITCHELL ALLEN V. STATE OF TEXAS

  NO. 07-00-0255-CR  

 

     IN THE COURT OF APPEALS  

 

     FOR THE SEVENTH DISTRICT OF TEXAS  

 

     AT AMARILLO  

 

     PANEL B 

 

     SEPTEMBER 21, 2000

________________________________  

  

DENNIS MITCHELL ALLEN, 

 

                Appellant 

 

     v.  

 

     THE STATE OF TEXAS,  

 

                Appellee

________________________________ 

  

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY; 

 

     NO. B3223-99-07-CR; HON. ED SELF, PRESIDING 

________________________________ 

 

 Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 

Dennis Mitchell Allen (appellant) appeals from a judgment under which he was convicted of delivering one gram of a controlled substance, namely cocaine, within 1000 feet of a playground.  Appellant’s appointed counsel filed an 
Anders
 brief, representing to us that he believed the appeal was meritless and moved to withdraw 
(footnote: 1).  Appellant was then informed, by his counsel and this court in writing, of his right to review the record and file a 
pro se
 brief.  The deadline by which he had to submit the 
pro se
 brief was September 14, 2000.  To date, we have not received such a brief.
(footnote: 2)  We affirm.

With regard to the 
Anders
 brief, appellant’s counsel stated that he diligently reviewed the record and that, in his opinion, it reflected no reversible error.  However, he did assert four arguable grounds of error.  They concerned 1) the court’s purported failure to 
sua sponte
 consider a motion to transfer venue which appellant had expressly  waived through counsel, 2) its refusal to grant a motion for continuance filed six days before trial was to begin (which motion said nothing about appellant’s preparedness for trial), 3) appellant’s conclusory and unsupported allegations regarding counsel’s supposed ineffectiveness, and 4) the court’s denial of a request by appellant to withdraw his guilty plea and obtain leave to appeal matters other than pretrial motions (which request was nothing more than a motion for new trial filed approximately three months after the deadline prescribed by Texas Rule of Appellate Procedure 21.4(a) expired).  Having compared these issues to the record and applicable law, we find them meritless.

Furthermore, we conducted an independent review of the record and find that the record indicates that 1) appellant was properly indicted and represented by legal counsel, 2) legal counsel conversed numerous times with appellant about the prosecution, 3) legal counsel filed numerous motions in preparation of trial, 4) nothing of record indicated that appellant’s counsel had not adequately prepared for trial, 5) appellant informed the court that he was satisfied with counsel’s representation, 6) appellant was admonished as required by article 26.13 of the Texas Code of Criminal Procedure, and 7) appellant was mentally competent at the time of his plea.  So too does the record contain evidence substantiating his guilt of the crime and revealing that his plea and confession of guilt were knowing and voluntary.  Finally, the punishment levied was within the range provided by statute.  These circumstances lead us to conclude that no reversible error exists in this cause. 

Accordingly, we affirm the judgment. 

 

                                   Brian Quinn 

                                               Justice

 

Do not publish. 

 

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2:
2
 
Appellant did file a motion for the appointment of new counsel after we notified him of the 
Anders
 brief.  We denied the motion without prejudice since he had counsel at the time and we had yet to conduct an independent review of the record to assess the merits, if any, of any potential error.